## STEWART v. PARKER et al.—232 S. W. (2d) 57.

Jackson.   March 16, 1950.

Petition for Certiorari denied July 15, 1950.

Warmath & Cunningham, of Humbolt, for appellant.

Atkins & Holmes, of Trenton, for appellees.

SWEPSTON, J.  The original bill herein was filed to enjoin collection of part of a judgment at law theretofore rendered against complainant and in favor of defendant.

Defendant, Paul Price, had sued complainant, Walter Stewart, for damages in two counts, first, for inducing his farm tenant, Crafton, to breach his contract of employment in violation of Code Sections 8559 and 8560, second for malicious trespass in coming on the farm and moving said tenant.  There was a jury verdict and judgment for $500 damages which became final.

A part of the evidence of damages was that Price had advanced the tenant $339.81 which account he stood to lose.

When execution was issued and placed in the hands of the Sheriff, this bill was filed alleging that between the date of the judgment and this execution, Price had received payment in full from the tenant; that this account was the principal item of damages considered by the jury in arriving at the amount of damages; that it would

be inequitable to permit the collection of the judgment in full, and a tender of an amount was made to cover the excess of the amount of the judgment above the amount of the former tenant's account.

Defendant's answer denied that the principal proof of damages in the lawsuit consisted of the tenant's account, but admitted that proof of the account in the amount stated in this bill was made at that trial; he denied he had collected the account in full but only $150 and denied that complainant was entitled to any relief.

The suit was tried regularly upon depositions.

The former tenant deposed that he had paid the account in full.

The depositions of three of the jurors who tried the law case were offered but excluded by the Chancellor on objection by defendant on the ground of irrelevancy, incompetency and immateriality.

There was no other evidence in behalf of either side.

The Chancellor dismissed the bill and complainant has appealed and assigned error as follows:

"I

"The Court erred in ruling out the depositions of E. H. Haynes, W. H. Kolwyck and W. B. Wolstenholme, witnesses for the complainant.

"II

"The Court erred in finding that there is no basis in the record to show that the complainant is entitled to a credit on the judgment for the amount of the indebtedness paid by the tenant, Charlie Crafton.

"III

"The Court erred in finding by implication that there must be a mutual account between the defendant, Paul

Price, and the complainant, Walter Stewart, in order for the subsequently paid indebtedness of Charlie Crafton to be off-set against the judgment obtained against Walter Stewart.''

■ We find it unnecessary to discuss these assignments, because it appears from the face of the record that complainant comes into equity with ''unclean hands'', so that his bill should have been dismissed in any event.

The declaration was in two counts, one charging a violation of Code Section 8559 making it unlawful to induce one's employee to breach his contract of employment, the other charging malicious trespass.

■ In the absence of a contrary showing we must assume there was a general verdict.

Code Section 10343 provides that ''a general verdict, although it may not in terms answer every issue joined, is nevertheless held to embrace every issue, unless exception is taken at the term at which the verdict is rendered.''

■ This includes not only the counts in a declaration but every issue joined. Summers v. Bond-Chadwell Co. et al., 24 Tenn. App. 357, 145 S. W. (2d) 7.

The jury by their verdict found the present complainant to be guilty of conduct declared by the Code, supra, to be ''unlawful''.

■ This statute is a declaration by the Legislature of public policy in respect to this type of contract.

Complainant now comes into equity seeking relief in the same transaction in which he was cast in the law court for having violated this public policy.

The maxim above alluded to is applied in a wide variety of situations, as illustrated by the cases cited in

Gibson, Section 42, note 2, and 19 Am. Jur. 325, Section 471.

.The nearest analogy we find among Tennessee cases involving violation of public policy declared by statute is Osborne v. Allen, 143 Tenn. 343, 226 S. W. 221, where the maker of a note given to highway commissioners as a contribution to the public fund in order to induce them to route the highway in a certain direction, all in violation of law, sought to enjoin them from collecting the notes, on the ground of illegality of the transaction.

Relief was denied the maker on account of ''unclean hands''.

A copious annotation in 4 A. L. R., 44 et seq. presents various aspects of the rule.

On page 78, of 4 A. L. R. will be found several cases relating to inducement of a breach of contract of employment as a basis for the application of the maxim in denying relief.

We think the instant case clearly calls for the application of the maxim.

We, therefore, concur in the result of the Chancellor's action in dismissing the bill.

Appellant will pay. costs.

Anderson, P. J., and Baptist, J., concur.