# THONI et al. v. HAYBORN.—260 S. W. (2d) 376.

Middle Section. March 27, 1953.

Petition for Certiorari denied by Supreme Court, July 17, 1953.

58

Jordan Stokes, III, and Albert Williams, both of Nashville, for plaintiffs in error.

Jack Keefe, of Nashville, for defendant in error.

HICKERSON, J. W. B. Hayborn brought this suit against Richard Emil Thoni and Ada H. Thoni, doing business as Thoni Oil Company, to recover damages for personal injuries which he sustained in an automobile accident. Judgment was entered on a jury verdict in favor of plaintiff for $35,000.

To review that judgment defendants have appealed in error to this Court.

The assignments of error are:

''The Court erred in failing to set aside the verdict of the jury and grant the motion for a new trial for the following reasons:

I ''There was no evidence to support a verdict against defendant Ada Thoni.

II ''The Court erred in failing to give in charge the following requested instruction:

'' 'If you should find that what plaintiff was doing at the time the injury was suffered by him was not in the course of an occupation or business regularly engaged in by the defendant, or defendants, the defendant or defendants are not barred from asserting the defense of the contributory negligence of the plaintiff, or the defense that the plaintiff assumed the risk of his employment, or the defense that the

injuries were caused by the negligence of a fellow servant.'

III "The verdict was excessive, so excessive as to indicate passion, prejudice or caprice on the part of the jury."

Defendants were engaged in building filling stations and selling gasoline and oil through these stations. They had twenty-three stations located in Tennessee, Alabama and Kentucky. Plaintiff was employed by them to operate a bulldozer which was used in the construction of these stations. He was injured in the course of his employment through the negligence of defendants while plaintiff was assisting in moving certain equipment of defendants from Alabama to Tennessee.

(1) The question is made that Ada Thoni is not a partner with Richard Emil Thoni, operating under the partnership name of Thoni Oil Company; and that she had no interest in the Thoni Oil Company at the time of the accident which resulted in plaintiff's injuries.

Richard Emil Thoni and Ada H. Thoni were sued as partners. They pleaded the general issue, as follows:

"Defendants for plea to the declaration filed against them in this cause say that they are not guilty of the matters and things therein alleged against them."

Under this plea of the general issue, defendants were precluded from making the question that they were not partners. Code Section 9730 provides:

"Proof of partnership.—Where two or more persons are sued as partners, in law or equity, it shall not be necessary to prove the partnership unless the fact of partnership be denied under oath of those so sued."

■ Wherefore, under a plea of the general issue defendants admitted they were partners. There was abundant evidence to sustain the verdict against defendants as to liability. The first assignment is overruled.

(2) Defendants had elected not to operate their business under the provisions of the Workmen's Compensation Act of Tennessee. Code Section 6854.

This election deprived defendants of certain defenses under the statute. Code Section 6862.

The Workmen's Compensation Law does not apply to, "Any person whose employment at the time of injury is casual, that is, one who is not employed in the usual course of trade, business, profession, or occupation of the employer." Code Section 6856(b).

■ Of course, if an employment were casual and plaintiff were not protected by the Workmen's Compensation Law, his employer could rely upon common law defenses to a suit by the employee against the employer.

Relying upon that principle, defendants submitted the special request set out in their second assignment of error.

■ The undisputed evidence shows that the business of defendants was building service stations and selling gasoline and oil through them. There is no evidence in the record to support a finding by the jury that plaintiff's employment was casual. He was employed by defendants to work in connection with the construction of filling stations by them. He was employed to work in the regular course of the business of his employers and there is no evidence to the contrary.

■ There was no error in the refusal of the trial judge to give the requested instruction, because there was no evidence to support defendant's theory covered by the special request. Green v. State, 154 Tenn. 26, 285 S. W.

554; Berryman v. Dilworth, 178 Tenn. 566, '160' S. W. (2d) 899; Allen v. Melton, 20 Tenn. App. 387, 99 S. W. (2d) 219.

■ (3) Finally, defendants complain about the amount of the verdict and judgment. The jury returned a general verdict. The effect of such verdict in the case on trial was to decide each issue in favor of plaintiff if there was material evidence to support such verdict. Code Section 10343; Summers v. Bond-Chadwell Co., 24 Tenn. App. 357, 145 S. W. (2d) 7; Stewart v. Parker, 33 Tenn. App. 316, 232 S. W. (2d) 57.

This principle applies to injuries suffered by plaintiff; that is, this Court must treat all injuries within the scope of the pleadings as established if any material evidence is introduced to prove such injuries.

The injuries which plaintiff suffered are: his left shoulder and chest were mangled and torn when he was struck by a two inches by four inches piece of timber. The nerves and blood vessels in that region of his body were destroyed or damaged. There was a fracture of the shoulder. There was a thirty percent permanent disability of the whole body. He underwent three operations, one of which included the grafting of bone. He had to take blood transfusions to save his life. His pain was very severe.

Plaintiff is an uneducated man who can do nothing but manual labor. He cannot do his usual work: operate heavy construction machinery. He has already lost a large sum of money because he could not work and he stands to lose much more. The bill of his surgeon was $1,000, and he had large hospital bills.

The rules relating to the amount of the recovery in personal injury cases are well known. They are stated in Wesco Paving Co. v. Nash, 35 Tenn. App. 409, 245

S. W. (2d) 782; and Foster & Creighton Co. v. Hale, 32 Tenn. App. 208, 222 S. W. (2d) 222.

The earning capacity of men is a variable quantity ranging from a few hundred dollars annually to millions of dollars annually. Physical pain, mental anguish, permanent physical injuries, disfigurement, and inability to enjoy life resulting from injuries are common to all men. The rich and the poor, the educated and the illiterate, the wise and the ignorant, the executive and the day laborer, the high and the low suffer alike from such injuries; and the damage resulting from such injuries is a constant quantity. A strong, unblemished body vigorous and alert and free from pain is as dear to one man as another.

■■ As we have so often stated in our published reports, we do not know of any norm, standard, or accurate measuring stick by which physical pain and suffering and mental anguish can be evaluated in terms of money. Normally, we are content to let the jury fix the damages. They are the triers of fact under the constitution. When their verdict is approved by the trial judge it is well-nigh conclusive on this court, in the absence of a showing of improper conduct on the part of the jury. There is no suggestion here that the jury was improperly influenced or acted from corrupt motives. We are entirely satisfied with the amount of the verdict and the judgment based thereon. The assignments of error are overruled and the judgment of the Circuit Court is affirmed with interest and all costs.

Felts and Howell, JJ., concur.